## M. G. COLLINGWOOD v. STATE.

No. A-2608. Opinion Filed May 26, 1917.

(164 Pac. 1154.)

1. **INTOXICATING LIQUORS—Sale—Sufficiency of Evidence.** Evidence in a prosecution for selling whisky held sufficient to sustain a conviction.

2. **EVIDENCE—Demonstrative Evidence.** In such prosecution, a certain pint of whisky which the prosecuting witness identified as that bought from the defendant, and which the sheriff testified was the whisky he got from the prosecuting witness, was sufficiently identified to authorize its admission in evidence.

3. **WITNESSES—Impeaching Testimony.** In such prosecution, the court should have permitted a witness called to impeach the prosecuting witness to answer a question as to whether the prosecuting witness in a conversation with him stated that he did not get the whisky from defendant.

4. **APPEAL AND ERROR — Exclusion of Evidence — Record.** Where the trial court refuses to permit a question to be answered, the record must show what the answer would have been, so that the appellate court can determine whether it was material and proper and whether defendant was injured by its exclusion.

5. **SAME—Prejudice—Burden of Proof.** Before a judgment of conviction based on competent and credible evidence can be reversed on the ground of refusal to permit an impeaching witness to answer, defendant must affirmatively show that he has been prejudiced by the court's action.

*Appeal from County Court, Woods County;*
*Gus Hadwiger, Judge.*

M. G. Collingwood was convicted of selling whisky, and he brings error. Judgment affirmed.

*L. T. Wilson,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM. Several assignments of error are relied upon for reversal of this judgment.

First. That the evidence on the part of the state is not of that credible character upon which the accused should be convicted.

We have carefully examined the record and find that the prosecuting witness, a farmer who had lived in Woods county for 18 years, testified positively that he bought a pint of whisky from the appellant in the city of Alva and paid him $1 for it. Counsel for the defendant contend that, because a prosecution was lodged against the prosecuting witness for conveying the whisky that he alleged he bought from this defendant, and the sheriff had told said prosecuting witness that if he told the truth in this case it would go lighter with him in his own case, therefore he should not be believed. The jury had all the witnesses before them and are the sole judges of the weight to be given to their testimony and of their credibility. The testimony of the prosecuting witnesses, corroborated as it was to some extent by the sheriff, if believed, is amply sufficient to sustain the judgment.

It is also contended that the court erred in admitting in evidence a certain pint of whisky which the prosecuting witness identified and alleged he bought from the

defendant. The identification was sufficient to authorize the introduction of this evidence. The prosecuting witness testified that that was the identical whisky he bought from the defendant, and the sheriff testified that it was the whisky he got from the possession of the prosecuting witness at that time.

It is also contended that the court erred in refusing to permit the witness Tidwell, who was called for the purpose of impeaching the prosecuting witness, to answer the following question:

"I will ask you whether or not in that conversation (referring to a conversation which the prosecuting witness admitted that he had had with Tidwell) he stated that he did not get it (referring to the whisky) from Mr. Collingwood?"

An objection was sustained to the question on the ground that it was incompetent, irrelevant, and immaterial, and not binding on the state. Counsel for the defendant took an exception to this ruling. The court should have permitted the witness to answer this question, but we cannot determine whether the action of the court was prejudicial to the defendant, unless we know what the answer of the witness would have been if he had been permitted to answer. The witness might have testified that the prosecuting witness made no such statement. Such an answer would not have been prejudicial. Again, he might have testified that the prosecuting witness did make such a statement, and the exclusion of that answer would have been prejudicial. It must affirmatively appear, before a judgment of conviction based on competent and credible evidence will be reversed on this ground, that the defendant has been prejudiced by the action of the court. The burden is upon the appellant to

show prejudice. The court can only guess that he was prejudiced in this instance. If counsel had made an offer of proof of what the testimony of the witness Tidwell would have been if he had been permitted to answer, and if it were shown by said offer that his testimony would have been favorable to the defendant and contradictory of the prosecuting witness, then this court could determine that the defendant was prejudiced.

This court has heretofore repeatedly indicated that, where the trial court excludes or refuses to admit evidence offered, the record must show what this evidence was, so that this court can determine whether or not it was material and proper testimony, and as to whether or not the defendant was injured by its exclusion. *Warren v. State,* 6 Okla. Cr. 2, 115 Pac. 812, 34 L. R. A. (N. S.) 1121; *Stone et al. v. State,* 6 Okla. Cr. 415, 119 Pac. 271; *White v. State,* 4 Okla. Cr. 143, 111 Pac. 1010.

'We cannot, therefore, determine from this record that the defendant was injured by reason of the action of the trial court in refusing to allow the witness Tidwell to answer the question as propounded.

The judgment of the trial court is affirmed.